```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


ALIREZA BAKHTIARI,              )
                                )
          Plaintiff,            )
                                )
     v.                         )    No. 4: 06-CV-01489 CEJ
                                )
CURATORS OF THE                 )
UNIVERSITY OF MISSOURI, P.C.,   )
et al.,                         )
                                )
                                )
          Defendants.           )
```

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Fed. R. Civ. P.

Plaintiff Alireza Bakhtiari brings this action asserting claims of libel, slander, and intentional infliction of emotional distress against defendant Curators of the University of Missouri, as a corporation, and defendant Gene C. Beyer, in her individual capacity and in her official capacity. Defendants have filed a motion to dismiss, claiming that the Curators, as a corporation, and Beyer, in her official capacity, are immune from suit in federal court under the Eleventh Amendment to the United States Constitution.[1]

I.  **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the

---

[1] The motion to dismiss was filed on behalf of defendant Beyer in her official capacity only. Defendants have filed an answer in this case on behalf of defendant Beyer in her individual capacity.

Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

**II. Background**

Plaintiff Bakhtiari is a citizen of Iran. He is a former Ph.D. student and employee of the University of Missouri-Rolla. Defendant Curators of the University of Missouri is a public corporation organized under the laws of the State of Missouri. Defendant Gene C. Beyer is the Assistant Director of the International Affairs Office

for the University of Missouri-Rolla.

Plaintiff alleges that defendants were required to submit to the United States Citizenship and Immigration Service (USCIS) certain documents establishing that plaintiff was a student at the university, but defendants failed to do so. See 8 C.F.R. § 214.3 (2007). Because of this omission, plaintiff claims, USCIS determined that he was "out of status" and detained him. Plaintiff alleges that he subsequently suffered a heart attack, humiliation, and mental anguish. Plaintiff alleges that defendant Beyer made libelous and slanderous statements about him in her communications with USCIS regarding plaintiff's immigration status.

### III. Discussion

The Constitution of the State of Missouri provides that the "government of the state university shall be vested in a board of curators." Mo. Const. Art 9, § 9(a). Pursuant to that constitutional provision, the General Assembly enacted a statute which provides: "the state university is hereby incorporated and created as a body politic and shall be known by the name of 'The Curators of the University of Missouri." Mo. Rev. Stat. § 172.020. "The Board of Curators is sui generis; by constitutional mandate it is a separate body given the status of a public governmental body. It is conceptually distinguishable from a board of directors in the usual corporate sense." Tribune Publishing Co. v. Curators of University of Missouri, 661 S.W.2d 575 (Mo. Ct. App. 1983). Among the powers and duties of the Board of Curators are the appointment and removal of university employees. See Mo. Rev. Stat. § 172.300.

Missouri statutes also provide for the establishment of a "School of Mines and Metallurgy at Rolla . . . as [a] distinct department[] of the University of the State of Missouri." Mo. Rev. Stat. § 172.430. The School of Mines and Metallurgy was renamed University of Missouri-Rolla in 1964.[2]

The University of Missouri, as an instrumentality of the state, is immune from suit in federal court under the Eleventh Amendment, unless the university has waived immunity. Sherman v. Curators of the Univ. of Missouri, 871 F.Supp. 344, 346 (W.D. Mo. 1994); Todd v. Curators of the Univ. of Missouri, 147 S.W.2d 1063, 1064 (Mo. 1941). Eleventh Amendment immunity applies to all suits against the state, whether in law or equity, for damages or for any other relief, including injunctions. Cory v. White, 457 U.S. 85, 91 (1982).

Plaintiff alleges that defendants waived sovereign immunity by purchasing liability insurance. Under Missouri law, a public entity can waive sovereign immunity by purchasing an insurance policy covering tort claims. Mo. Rev. Stat. § 537.610(1) (2006). The purchase of insurance, however, does not constitute a waiver of Eleventh Amendment immunity from suit in federal court. Jackson v. Ga. Dep't of Transp., 16 F.3d 1573, 1584 (11th Cir. 1994) (state agency partially waived its sovereign immunity to suit in state court by purchasing insurance coverage, but this did not affect the agency's Eleventh Amendment immunity). Thus, the University of

---

[2] See "History of UMR," Office of the Chancellor, available at http://campus.umr.edu/chancellor/history/ (last accessed April 23, 2007).

Missouri remains entitled to immunity under the Eleventh Amendment.

A suit against a state official in her official capacity is treated as a suit against the state. Hafer v. Melo, 502 U.S. 21, 25 (1991); Jackson, 16 F.3d at 1584. Thus, defendant Beyer, in her official capacity, enjoys the same sovereign immunity as her employer under the Eleventh Amendment.

Plaintiff's complaint alleges that defendants' alleged libel and slander are proprietary functions for which defendants do not enjoy sovereign immunity. "The proprietary-governmental dichotomy applies only in the law of municipal corporations, and not to activities of the state." State ex rel. Mo. Dept. of Agriculture v. McHenry, 687 S.W.2d 178, 181-182 (Mo. banc 1985); State v. Mo. State Treasurer, 130 S.W.3d 742, 745 (Mo. Ct. App. 2004). Defendant Curators is not a municipality, and an argument that the alleged acts were proprietary is irrelevant.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motion to dismiss [# 4] is **granted**. A separate order of dismissal in accordance with this memorandum and order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of July, 2007.